LITTLE ROCK RAILWAY & ELECTRIC COMPANY *v.* DOYLE.

Opinion delivered June 18, 1906.

1. STREET RAILWAY—NEGLIGENCE—INSTRUCTION.—It was not error in an appropriate case to instruct the jury that the defendant street railway company was liable in damages if plaintiff, a passenger, while in the act of stepping from defendant's slowly moving car at a street crossing, was without negligence injured by reason of the fact that the speed of the car was suddenly increased, whereby plaintiff was thrown down and injured; it being shown that it was usual for passengers to alight at crossings when the cars were running slowly. (Page 382.)

2. CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTION.—An instruction that the burden of proving contributory negligence is on defendant is not erroneous in that it fails to contain the qualification that such burden is on defendant unless it appears from plaintiff's testimony. (Page 383.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Instruction No. 3 given at plaintiff's request was erro-

neous. There is no evidence that the speed of the car was suddenly increased. The motorman's testimony shows that, after he cut off the current, it was not reapplied until after the car was brought to a stop at Nineteenth Street, and this is uncontradicted. 37 Ark. 598. It is also objectionable because it did not submit to the jury the question of fact whether the jerk, if any, was the proximate cause of the injury. 87 N. Y. Supp. 523; 171 N. Y. 309; 6 Mackey, 57; 73 Pac. 243; 83 N. Y. Supp. 380. The defects of this instruction are not cured by other instructions which conflict with it. 57 Ark. 203; 37 Ark. 333; 51 Ark. 88; 61 Ark. 156. It is further objectionable because it required the defendant to anticipate that plaintiff would alight from the car before it stopped, and to foresee the result of that action. A street railway company is not an insurer of the safety of passengers, nor required to anticipate any action one may take. If the accident is one that a prudent man could not foresee, as the probable result cf the negligence complained of, no recovery can be based upon it. 118 Mass. 131; 51 N. E. 657; 115 Mass. 304; 59 Ill. 349; 85 Pa. St. 293; 5 C. C. A. 349.

2. Instruction No. 5 is erroneous because, in announcing the burden of proving contributory negligence to be on defendant, it did not contain the qualification that this was true unless such contributory negligence appeared from the plaintiff's testimony. 48 Ark. 106; 72 Ark. 572.

*J. W. & M. House,* for appellee.

There is abundant testimony that the current was turned on, after the car was slowed up. It was not necessary for plaintiff to point out the specific act of negligence or omission which caused the injury. Especially is this true where such acts are exclusively within the knowledge of the defendant. 62 N. E. 372; 12 Am. St. Rep. 443. A clear case of negligence is made out when it is shown that plaintiff signalled for the car to stop, that it had been slowed up, and the conductor knew he was in the act of alighting, and that then it started with a sudden jerk. It was not negligence *per se* on his part to attempt to alight from the slowing moving car. 3 Thomp. Neg. § 3592; 27 Am. & Eng. Ry. Cas. (N. S.), 124; 18 Am. St. Rep. 333; 83 N. W. 905; 4 Am. & Eng. Ry. Cas. (N. S.), 246; 49 Ark. 182; 31 Am. & Eng.

Ry. Cas. (N. S.), 156.   See also 13 L. R. A. 95; Booth on Street
Ry. § § 329, 349; 9 Am. & Eng. Ry. Cas. (N. S.), 843; 24 *Ib.*
note 913 to 928.   When one is injured in alighting from a mov-
ing car, the question of contributory negligence is one for the
jury.   18 Am. St. Rep. 330; 12 Am. St. Rep. 443; 13 L. R. A.
95; 81 N W. 904; 7 Am. & Eng. Ry. Cas. (N. S. ), 314; 49 Am.
St. Rep. 382; 53 N. W. 915.   Appellee contends that the instruc-
tion complained of submits the proximate cause question even
more favorably to defendant than it was entitled to.   Moreover
the question of proximate cause is fully covered by other instruc-
tions given at request of plaintiff and at request of defendant.

On the question as to the right of the trial court to instruct
the jury as to what constitutes negligence, see 72 Ark. 572.

2.   It was the duty of the company and its employees to see
that the appellee had safely alighted before the car was started
again.   60 Fed. 702.

3.   Appellant's objection to instruction 5 can avail nothing
here.   That the burden of proving contributory negligence is
on the defendant is universally recognized.   On the specific ob-
jection raised, see 147 U. S. 580; 93 U. S. 291.

BATTLE, J.   T. N. Doyle brought this action against the
Little Rock Railway & Electric Company.   He alleged in his
complaint "that on the 5th day of June, 1903, the defendant in-
jured him through the carelessness and negligence of its em-
ployees operating a car.   That plaintiff was a passenger on a
South Main car, and when the car was near Eighteenth and
Main he motioned the conductor to stop for him to get off; and
the conductor obeyed and slowed the car as plaintiff was advanc-
ing to the rear end, and continued to slacken its speed until he
reached the step on the rear platform.   That while he was stand-
ing on the rear of the car with his left hand holding the hand rail
of said car, and when the speed had been slackened to a speed
when it was customary for male passengers to alight, and so that
plaintiff could step from the car with safety and just as he raised
his right foot with the intention of stepping to the ground, his
left hand still holding the handle bar, and his left foot still upon
the step of the car, the car was negligently started forward, and
the sudden jerk threw him backwards, and caused him to fall to
the ground, thereby fracturing the bones of his left wrist, and

lacerating the ligaments at his wrist and elbow, and bruising his left knee; that the injuries are permanent and greatly impair his ability to work, and that his left arm has been permanently disfigured at the wrist. He prayed damages for medical expenses, $250, and for pain and suffering, $10,000."

The defendant answered, and denied the allegations in the complaint, and alleged that, "if he was injured by falling from the car, the accident was due to his own negligence in attempting to alight from a moving car in a negligent manner;" and pleaded, generally, his contributory negligence.

A jury tried the issues in the case, and returned a verdict in favor of the plaintiff for $780; and the defendant appealed.

The evidence adduced in the trial tended to prove the allegations in the complaint.

The court instructed the jury, over the objections of the defendant, in part, as follows:

"3. The jury are instructed that if they believe from the testimony that at the date of the alleged injuries the plaintiff was a passenger on one of the defendant's cars, and that at or near where Eighteenth Street would intersect Main Street he signalled or notified the conductor that he desired to get off, and thereupon, in response to such signal, the speed of the car was slackened or slowed up, and the plaintiff, while the speed of the car was being slackened, stepped upon the rear step of the platform when the car was moving slowly, and while he was in the act of stepping from the car its speed was suddenly increased, and thereby threw the plaintiff down, causing the injuries complained of, then the defendant company would be guilty of negligence, and you must find for the plaintiff, unless you further believe from the testimony that the plaintiff, in undertaking to step from the car while in motion, was guilty of contributory negligence which proximately contributed to the injuries complained of.

"5. The burden of proving the negligence of the defendant company is upon the plaintiff, and the burden of proving the contributory negligence of the plaintiff is upon the defendant company."

And the court instructed the jury, in part, at the request of the defendant as follows:

"4. If you find from the evidence that the plaintiff was

guilty of negligence, either in attempting to alight from the car while it was in motion, or in the manner in which he stepped from the car, and that his negligence contributed to cause his injury, then he can not recover in this case, even though you may find that defendant's employees were negligent."

"5. If you find from the evidence that plaintiff attempted to alight from the car while it was in motion, and in doing so stepped off backwards (that is, with his back to the front of the car), at the same time holding on to the hand rail with his right hand, and was thrown by the forward motion of the car, then he was guilty of contributory negligence, and can not recover, even though you may find that the car moved forward with a sudden or accelerated motion.

"6. If you find from the evidence that plaintiff failed to exercise reasonable care in alighting from the car, and that such failure approximately contributed to cause his injury, if any, then he can not recover, even though you may further find from the evidence that the defendant's employees were also negligent in operating the car."

Appellant objects to the instruction numbered 3, given over its objection, because "it told the jury that if plaintiff notified the conductor that he wanted to get off, and the conductor then caused the speed of the car to be slackened for that purpose, and, while plaintiff was in the act of alighting from the slowly moving car, *its speed was suddenly increased,* then the defendant was guilty of negligence;" and contends that there was no evidence that the speed of the car was suddenly increased. But this is not accurate. There was evidence which tended to prove that "the speed of the car was slackened, so that it was only running at a speed of from three to four miles an hour, or about as fast as a man would ordinarily walk when it was started forward with a sudden jerk, and it ran from 100 to 200 feet uphill before stopping." There was evidence, as we understand it, which tends to prove that the speed of the car was suddenly increased.

Appellant further insists that it was objectionable for the "reason that it required the defendant to anticipate that plaintiff would alight from the car before it stopped." If such was its effect, it is not erroneous. It might reasonably have anticipated that plaintiff would alight when the speed of the car was so

slackened that he could do so in safety, and that he might be injured if it was started forward, while he was doing so, with a sudden jerk. The evidence tended to show that it was usual for male passengers to alight when the car was running so slowly that they could do so in safety.

Appellant also contends that "instruction No. 5, given by request of the plaintiff, was also erroneous, because, in announcing the burden of proving contributory negligence to be on the defendant, it did not contain the qualification that this was true unless such contributory negligence appeared from the plaintiff's testimony." What the court said in *Indianapolis & St. Louis Railroad Co.* v. *Horst,* 93 U. S. 291, 298, in answer to an objection to a similar instruction is an appropriate answer to appellant's objection. "The court did not say, if such negligence were established by the plaintiff's evidence, the defendant could have no benefit from it, nor that the fact could only be made effectual by a preponderance of evidence, coming exclusively from the party on whom rested the burden of proof. It is not improbable that the charge was so given by the court from an apprehension that the jury might, without it, be misled to believe that it was incumbent on the plaintiff to show affirmatively the absence of such negligence on his part, and that if there was no proof, or insufficient proof, on the subject, there was a fatal defect in his case. It was, therefore, eminently proper to say upon whom the burden of proof rested; and this was done without in anywise neutralizing the effect of the testimony the plaintiff had given, if there were any, bearing on the point adversely to him."

Other instructions of the court, which were given upon the same subject, were sufficient to prevent the jury being misled by the instruction objected to.

Construed as a whole with reference to the evidence in the case, as they should have been, there was no prejudicial error in the instruction of the court; and the evidence was sufficient to sustain the verdict of the jury.

Judgment affirmed.